IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALAMEDA COUNTY MEDICAL CENTER,
a department of the County of Alameda, a
political subdivision of the State of California,

Plaintiff,

v.

LABORERS HEALTH AND WELFARE
TRUST FUND FOR NORTHERN
CALIFORNIA, a voluntary employees benefit
association pursuant to 26 U.S.C. § 501(c)(9),
and DOES 1 through 25 inclusive,

Defendants.

No. C 18-03565 WHA

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION TO STRIKE**

## INTRODUCTION

In this breach-of-contract dispute, plaintiff moves to remand this action to state court. Defendants oppose this motion, asserting that plaintiff's state law claims for breach of an implied contract and *quantum meruit* are completely preempted by ERISA, and thus, removal was proper. For the reasons herein, plaintiff's motion is **GRANTED**.

## STATEMENT

Plaintiff Alameda County Medical Center is a hospital and medical provider. Defendants Laborers Health and Welfare Trust Fund for Northern California are a self-funded employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1001, *et seq.* (Dkt. No. 1 at 2).

Plaintiff's complaint alleges that between 2016 and 2017, plaintiff provided medical services, supplies, and/or medical equipment to patients who were enrolled in defendants' employee benefit plan (First Amd. Compl. ¶ 7). Patients were treated in plaintiff's emergency room. Once a patient was stabilized and admitted to the hospital, plaintiff then contacted defendants and their agent, Anthem Blue Cross, to verify each patient's eligibility for benefits and obtain authorization for medical services. Defendants admit to being contacted and verifying eligibility (Dkt. No. 14 at 3). Plaintiff timely billed defendants and received partial payment for services rendered. Plaintiff now seeks damages in the amount of $388,684.26, exclusive of interest, for the remaining balance due (First Amd. Compl. ¶ 15).

In April 2018, plaintiff filed an action for breach of implied-in-fact contract and *quantum meruit* against defendants in Alameda County Superior Court. Plaintiff filed its first amended complaint in May 2018. Defendants removed this matter to federal court based on federal-question jurisdiction. 28 U.S.C. §§ 1331(a), 1441(a). A claim for relief arises under federal law only when plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 62 (1987). Defendants claim that plaintiff's claim was an artfully pleaded state law suit to recover benefits under an ERISA plan, thus it falls within an exception to the well-pleaded complaint rule wherein state law causes of action are "completely preempted" under ERISA Section 502(a). This order disagrees.

Plaintiff now moves to remand this action to state court, arguing that it alleges only state law claims in its complaint and that these claims are not completely preempted under ERISA. Defendants oppose plaintiff's motion to remand and argue that plaintiff's claims are "completely preempted" by Section 502(a) of ERISA because: (1) plaintiff could have brought this action as an assignee of the patients' benefits and (2) no independent legal duty is implicated by defendants' actions. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 210 (2004).

This order considers whether Section 502(a)(1)(B) of ERISA completely preempts a state law action for breach of an implied contract and *quantum meruit*. If the action is completely preempted, then removal was proper. Because plaintiff's state law action could not be brought as a participant or beneficiary under Section 502(a)(1)(B) and because plaintiff relies

on legal duties that are independent from duties under any benefit plan established under ERISA, this order finds that this action is not completely preempted. It strains credulity to believe that defendants would have blessed any and all charges that followed the telephone call to confirm eligibility. Nevertheless, the pleading proceeds on this proposition, far-fetched as it may be. Accordingly, removal from state court was improper and the case must be remanded, as now explained.

**ANALYSIS**

**1. MOTION TO REMAND.**

A state law claim may be subject to "complete preemption" or "conflict preemption" under ERISA. The difference between the two is critical to the issue of removal.

If a state law claim is subject to *complete* preemption under the civil enforcement provisions of ERISA Section 502(a), it may properly form the basis for removal under 28 U.S.C. § 1441 and 28 U.S.C. § 1331. *Marin General Hospital v. Modesto & Empire Traction Company,* 581 F.3d 941, 944–46 (9th Cir. 2009). If, however, only *conflict* preemption under Section 514(a) of ERISA exists, this is merely a federal *defense. Id.* at 949; 29 U.S.C. § 1144(a) (the relevant provisions of ERISA "shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b)"). In other words, conflict preemption — without more — "does not convert a state claim into an action arising under federal law," and removal on this basis would be improper. *Metropolitan Life Insurance Co.,* 481 U.S. at 64; *see also Marin General Hospital,* 582 F.3d at 945.

As the party seeking removal based on federal-question jurisdiction, defendants must show that the state law cause of action is completely preempted by §502(a). Specifically, defendants must establish that plaintiff's state law claims are encompassed in ERISA's civil enforcement scheme set forth in Section 502(a) of ERISA by showing that: (1) plaintiff, "at some point in time, could have brought [the] claim under ERISA [Section 502(a)]," and (2) "there is no other independent legal duty that is implicated by [the] defendant's actions."

3

*Davila,* 542 U.S. at 210. This two-prong test set forth under *Davila* is conjunctive, and a state law cause of action is preempted by Section 502(a)(1)(B) only if both prongs are satisfied.

### A. *Davila's* First Prong.

The first requirement for complete preemption is whether plaintiff's claim could have been brought under Section 502(a) of ERISA. Section 502(a) provides:

> A civil action may be brought—
>
> (1) by a participant or beneficiary—
>
>     (A) for the relief provided for in subsection (c) of this section, or
>
>     (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1132(a).

Defendants argue that *Davila*'s first prong is satisfied because plaintiff could have brought a claim under Section 502(a)(1)(B) as an assignee of the patients' benefits (Dkt. No. 15 at 10). In *Misic v. Building Service Employees Health,* 789 F.2d 1374, 1378–79 (9th Cir. 1986), our court of appeals examined whether an assignee of benefits had standing to bring suit under ERISA. The court determined that ERISA allows a beneficiary's right to reimbursement to be assigned to the "person who provided the beneficiary with health care," and a beneficiary's assignee has standing to assert the claims of his assignors. *Misic,* 789 F.2d at 1377–78. Plaintiff argues that its claims for breach of an implied contract and *quantum meruit* are not being brought as an assignee of a plan beneficiary to recover benefits under an ERISA plan. Rather, plaintiff seeks to recover costs for services rendered under an independent state law obligation created when defendants verified eligibility and authorized treatment.

Plaintiff's claim for relief is most similar to the facts in *Marin General Hospital.* There, the plaintiff phoned the defendant, the ERISA plan administrator, to verify a patient's eligibility and obtain authorization for treatment. The court held that the defendant's obligation to pay for the plaintiff's services stemmed from the alleged oral contract that arose during the

4

initial phone conversation and was not based on any assignment from the patient of his rights under his ERISA plan. *Marin General Hospital,* 582 F.3d at 943.

Here, defendants argue that to be paid in the first place, plaintiffs had to be assigned the patients' rights to benefits. They contend that absent the assignments, plaintiff would not have received any payment at all (Dkt. No. 15 at 10). Neither party disputes that plaintiff received partial payments for services rendered. The dispute is not over the right to payment under the plan, which could depend on the patients' assignments to plaintiff. Rather, the dispute is over the remaining balance that has not been paid. Payment of this balance depends on the implied contract established when plaintiff called to verify patient eligibility and defendants and their agents authorized treatment. Additionally, mere assignment of benefits to plaintiffs does not prevent them from bringing a separate action based on a different legal obligation. *Marin General Hospital, Id.* at 948.

Judge Thelton Henderson has recognized that an enrollee's assignment of its right to payment to a provider is "of no consequence" when it is the *amount* of the payment being disputed and not the *right* to payment. *John Muir Health v. Cement Masons Health & Welfare Trust Fund,* 69 F.Supp.3d 1010, 1017 (N.D. Cal. 2014) (emphasis added). In *Cement Masons,* the plaintiff's phone call seeking authorization to treat the defendant's enrollee constituted an "express or implied request for such medical services." The plaintiff's claim for *quantum meruit*, thus arose when the plaintiff provided said services and the defendant refused to provide payment. *Id.* at 1015.

Here, the facts are similar. Plaintiff relied on the phone authorization as an implied contract and provided the necessary medical services. Defendants reimbursed plaintiff for the amounts covered under the ERISA plan, and now, plaintiff seeks reimbursement for the balance. Consequently, plaintiff's action could not have been brought by an enrollee, because no enrollee was a party to the implied contract between plaintiff and defendant.

For the foregoing reasons, plaintiff's state law claims based on its alleged oral contract with defendant were not, and could not have been brought under Section 502(a)(1)(B). Thus, *Davila's* first prong is not satisfied.

### B. *Davila's* Second Prong.

Defendants must also show that "there is no other independent legal duty that is implicated by the defendant[s'] actions." *Davila,* 542 U.S. at 210. In other words, this order must determine whether plaintiff's claims for breach of an implied-in-fact contract and *quantum meruit* "rely on a legal duty that arises independently of ERISA" that "would exist whether or not an ERISA plan existed." *Marin General Hospital,* 582 F.3d at 946. If such an independent legal duty exists outside of the ERISA plan, then a claim based under that duty is not completely preempted under Section 502(a)(1)(B).

Defendants argue that plaintiff's claims do not involve an independent duty because, absent the health plan, plaintiff would have no claim at all (Dkt. No. 15 at 11). A recent decision from our court of appeals focuses the inquiry on the "*origin* of the duty, not its relationship with health plans." *Hansen v. Group Health Coop.*, No. 16-35684, 2018 WL 4201162, at *5 (9th Cir. Sept. 4, 2018) (holding that mental health providers' claims against a health plan were not completely preempted by ERISA Section 502(a)(1)(B), reversing the district court's exercise of subject-matter jurisdiction and remanding to state court). Here, plaintiff asserts state law claims arising out of an alleged oral contract for the reasonable value of their services. This duty exists independently from the right to payment under an ERISA plan.

Defendants argue that absent the ERISA plan, plaintiff would have no claim against them (Dkt. No. 15 at 11). They attempt to distinguish *Marin General Hospital,* by noting that there, the defendant agreed to pay ninety percent of the plaintiff's claims. In the instant case, defendants made no such specific promise. While defendants correctly state that plaintiff's complaint makes no mention that defendants agreed to pay a certain percentage of plaintiff's charges, here, plaintiff's state law claims are not based on an obligation under an ERISA plan. The duty to pay these charges would exist whether or not the ERISA plan existed. *Marin General Hospital,* 581 F.3d at 950.

Similarly, in *John Muir Health v. Windsor Capital Group, Inc.,* No. 17-cv-05911-JST, 2017 WL 5991862, at *3 (N.D. Cal. Dec. 4, 2017), Judge Jon Tigar held that the plaintiff's state law claim for *quantum meruit* was not preempted because it rested on an obligation independent

from an ERISA plan. In that case, as in this one, the obligation to pay stemmed from an implied contract arising out of the defendant's "words and/or conduct." *Id.* at *1. The plaintiff did not allege that a contract existed. The defendant's liability "flows not from the ERISA plan but from an independent legal relationship; namely, an implied-in-law contract between a medical provider and insurers." *Id.* at 2 (quoting *Coast Plaza Doctors Hosp. v. Ark. Blue Cross & Blue Shield,* No. CV 10-06927 DPP (JEMx), 2011 WL 3756052, at *4 (C.D. Cal. Aug. 25, 2011).

For these reasons, *Davila*'s second prong is not satisfied.

### 2. MOTION TO STRIKE.

This order grants plaintiff's motion to remand, thus plaintiff's motion to strike the declarations of Todd C. Norris and Nickolas King is **DENIED AS MOOT.**

### CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. Since the motion to remand has been granted, plaintiff's motion to strike the declarations of Todd C. Norris and Nickolas King is **DENIED AS MOOT**. The Clerk shall remand this action to the Superior Court of California, County of Alameda.

**IT IS SO ORDERED.**

Dated: September 12, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7